[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15317
Non-Argument Calendar

_____

D. C. Docket No. 04-00087-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES E. DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 23, 2009)

Before EDMONDSON, BLACK and FAY, Circuit Judges.

PER CURIAM:

Charles E. Daniels, a pro se federal prisoner convicted of a crack cocaine offense, appeals the denial of his motion for a sentence reduction, 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines. The court denied the motion because Daniels's career offender designation precluded a sentence reduction, and no other jurisdictional basis existed for the court to grant him a reduction. No reversible error has been shown; we affirm.[*]

When a sentencing guideline is amended and given retroactive effect, the district court may reduce an already incarcerated defendant's term of imprisonment under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, unauthorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp.

_____

[*]We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

2

1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

Here, the district court committed no error in denying Daniels's section 3582(c)(2) motion because he was sentenced based on the offense level for the career offender guideline and not the offense level for drug quantity. See United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009) (concluding that Amendment 706 did not affect the guidelines ranges of defendants who were sentenced as career offenders because their final offense levels were not based on section 2D1.1 and, thus, the sentences were not "based on a sentencing range that has subsequently been lowered"). On appeal, Daniels argues that, because the district court granted him a U.S.S.G. § 4A1.3(b)(1) downward departure on his criminal history category, he was not sentenced as a career offender, and, thus, was eligible for a sentence reduction under Amendment 706. Although Daniels's criminal history category was lowered from VI to V, his offense level remained at 31 pursuant to the career offender provision. See Moore, 541 F.3d at 1329-30. And Amendment 706 applies only to offense levels calculated pursuant to the drug quantity table.

Daniels's argument that United States v. Booker, 125 S.Ct. 738 (2005), and

Kimbrough v. United States, 128 S.Ct. 558 (2007), allow the district court to reduce his sentence is unavailing. Daniels was ineligible for a sentence reduction under Amendment 706; and Booker does not, by itself, permit a court to impose a section 3582(c)(2) sentence reduction. United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009). In addition, we have concluded that neither Booker nor Kimbrough apply to section 3582(c)(2) motions. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), cert. denied, (U.S. May 18, 2009) (No. 08-8664).

Daniels argues that the district court did not explain why it denied his motion. But the court's order explained clearly and accurately why it lacked authority to reduce Daniels's sentence.

AFFIRMED.